[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11599
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00138-WTM-GRS


LOOKING GOOD PROPERTIES LLC,
BARBARA KRINSKY,

                                        Plaintiffs - Appellants,

versus

JOHNSON & JOHNSON INCORPORATED, et al.,

                                        Defendants,

ASCOT CORPORATE NAMES LIMITED,
as Underwriter at Lloyd's London,
subscribing to Policy ASC1000121,

                                        Defendant - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 8, 2014)

Before JORDAN, JILL PRYOR, and COX, Circuit Judges.

PER CURIAM:

This case arises out of an insurance dispute between Plaintiffs, Barbara Krinsky and Lookin Good Properties, LLC, and, Defendant Ascot Corporate Names Limited ("Ascot").[1]  The insurance policy covers a commercial rental property owned by the Plaintiffs.  The policy limits liability to $354,114.  On May 20, 2011, the property was damaged by a fire.  Plaintiffs made a claim, and Ascot paid Plaintiffs (and their mortgage holder, Wells Fargo) the full amount of the policy limit (less the applicable deductible).  On November 12, 2011, a second fire damaged the property.  Plaintiffs made a second claim, which Ascot denied.

Plaintiffs brought suit in state court for breach of contract and for bad faith under O.C.G.A. § 33-4-6, and the action was removed to the Southern District of Georgia.[2]  Plaintiffs contended that the limit of liability was "per occurrence," while Ascot contended that the limit of liability was a "policy limit."

---

[1] Plaintiffs originally brought suit against Johnson & Johnson Incorporated ("Johnson & Johnson").  After learning that Johnson & Johnson was only the underwriter of the policy, and that Ascot was the insurer, Plaintiffs filed a motion asking the district court to join Ascot to the action.  The district court granted the motion, and then granted summary judgment in favor of Johnson & Johnson.  Plaintiffs do not challenge in this appeal the grant of summary judgment in favor of Johnson & Johnson.

[2] On appeal, we raised issues of jurisdictional deficiencies in the pleadings.  After briefing on the matter, we find that record evidence establishes complete diversity under 28 U.S.C. § 1332, and, therefore, no amendment is necessary. (Notice of Removal, Doc. 1 at 1; Am. Notice of Removal, Doc. 69 at 1–3).

Ascot moved for summary judgment.  The parties then engaged in extensive briefing.  During the course of this briefing, the Plaintiffs repeatedly failed to comply with local rules and other procedural requirements of the district court. The Plaintiffs' oversights resulted in the court striking a number of Plaintiffs' filings, including the Statement of Material Facts.  The district court then ruled on the record before it, found that the limit of liability was a policy limit (and not a per occurrence limit) under Georgia law, and granted summary judgment for Ascot.

On appeal, the Plaintiffs raise a number of arguments, which boil down to one contention.  Plaintiffs contend that the district court abused its discretion in finding their filings procedurally deficient and in ruling on Ascot's motion for summary judgment without considering all of their filings.[3]  We review a district court's application of local rules for abuse of discretion, giving "great deference to a district court's interpretation of its local rules." *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (quotations omitted).

We have reviewed the district court's opinion and find no abuse of discretion in finding the Plaintiffs' filings procedurally deficient, and, furthermore,

---

[3] Despite Plaintiffs' contention, the district court did not enter a default judgment against them, nor did it grant summary judgment premised on Plaintiffs' failure to respond.  The district court, rather, did an independent review of the record to confirm that each fact asserted by Ascot was supported by record evidence. (Order Granting Summ. J., Doc. 70 at 15) ("The Court has reviewed the evidentiary record supporting Defendant's statement of facts and finds it has met its burden.").

the meaning of an insurance policy is a question of law, and Plaintiffs fail to articulate how the district court misapplied the law, or what facts in their Statement of Material Facts would have altered the outcome of Ascot's summary judgment motion.[4]  Thus, Plaintiffs fail to articulate how the district court's decision affected their substantial rights. *See* FED. R. CIV. P. 61.  For the foregoing reasons, we affirm.

    **AFFIRMED.**

---

[4] Plaintiffs make a number of contentions for the first time in their reply brief, which we do not consider. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001) ("[S]ince [Plaintiff] did not raise this issue until her supplemental reply brief, we deem it abandoned, and the district court's grant of summary judgment on this claim is consequently affirmed.").